**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

SPRINT SOLUTIONS, INC. and
SPRINT COMMUNICATIONS COMPANY
L.P.,

    Plaintiffs,

v.

J&S INVESTMENTS OF DELAWARE,
INC. doing business as
CELLUSALES, SARABJIT SINGH
also known as SAM SINGH,
FRANK J. ALTAMURA, KARAMJEET
SINGH also known as
RICKY SINGH,

    Defendants.

1:16-cv-01420-NLH-AMD

**OPINION**

---

**APPEARANCES:**

JARRETT KIRK VINE
POLSINELLI PC
222 DELAWARE AVENUE
SUITE 1101
WILMINGTON, DE 19801

JASON A. NAGI
POLSINELLI PC
600 THIRD AVENUE, 42ND FLOOR
NEW YORK, NY 10016
    On behalf of Plaintiffs

CRAIG S. HILLIARD
GENE MARKIN
STARK & STARK, PC
PRINCETON PIKE CORPORATE CENTER
993 LENOX DRIVE - BUILDING TWO
PO BOX 5315
PRINCETON, NJ 08543-5315

    On behalf of Defendants J&S Investments of Delaware, Inc., doing business as CELLUSALES, Frank J. Altamura, and

>     Sarabjit Singh, also known as Sam Singh, and Karamjeet
>     Singh, also known as Ricky Singh

SABINA DHILLON
LAW FIRM OF SABINA DHILLON, LLC
103 CARNEGIE CENTER, SUITE 300
PRINCETON, NJ 08540

>     On behalf of Defendant Karamjeet Singh, also known as Ricky
>     Singh

**HILLMAN, District Judge**

Plaintiffs, Sprint Solutions, Inc. and Sprint Communications Company L.P. (hereinafter "Sprint") have moved to voluntarily dismiss their complaint without prejudice against Defendants J&S Investments of Delaware, Inc. d/b/a Cellusales, Sarabjit Singh, also known as Sam Singh, Karamjeet Singh, also known as Ricky Singh, and Frank J. Altamura. Sprint's complaint alleges that Defendants are perpetrators of an unlawful scheme to profit from the illegal acquisition and resale of new Sprint wireless handsets. Sprint states that it has chosen to dismiss its claims against Defendants due to developments in other cell phone trafficking cases, and its view that the amount of phones at issue in this case does not warrant further expenditure of the parties' resources. Sprint relates that it seeks to dismiss its claims without prejudice, rather than with prejudice, in the event Defendants assert claims against it in the future.

Defendants have opposed Sprint's motion. They argue that

Sprint recklessly filed its complaint against them, and even when it became clear that Defendants were reputable business people who were not engaged in illegal trafficking of cell phones more than a year before it filed its instant motion to dismiss its claims, Sprint persisted with the action, resulting in significant financial, emotional, and reputational harm. Defendants ask that if the Court were to grant Sprint's motion, the Courts should order two curative conditions: (1) that Sprint must pay for Defendants' attorney's fees and costs to defend the action, and (2) that Sprint must issue a public statement acknowledging that it has not uncovered any conclusive evidence that implicates Defendants in the wrongful conduct they have been accused of. Defendants have also cross-moved to file an amended answer and assert counterclaims and a third-party complaint to pursue fraud, malicious prosecution, and other similar type claims against Sprint and the investigator it used to manufacture this case against them.

Federal Civil Procedure Rule 41(a) governs Plaintiff's motion, and it provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A). If a plaintiff is

unable to avail itself of Rule 41(a)(1)(A), the plaintiff must obtain a court's order to voluntarily dismiss its claims. Fed. R. Civ. P. 41(a)(2). The determination of whether to grant a plaintiff's request to dismiss its claims is at a court's discretion. See id. ("[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."). "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41-62 (1988)).

That same discretionary and liberal standard applies to motions for leave to amend an answer, add counterclaims, and file a third-party complaint. See id. ("[It is] the well-established rule that amendments should be granted liberally."); Travelers Casualty and Surety Company v. Becton Dickinson and Company, 2017 WL 349376, at *1 (D.N.J. 2017) (citing Charpentier v. Godsil, 937 F.2d 859, 863-64 (3d Cir. 1991)) (providing that Rule 15(a) encompasses amending an answer to include an affirmative defense); id. (citing Fed. R. Civ. P. 13(f)); Fingermates, Inc. v. Nailtiques Cosmetic Corp., 1996 WL 901967, at *3 (D.N.J. 1996) (citing Fidelity Federal Savings & Loan Ass'n v. Felicetti, 149 F.R.D. 83, 85 (E.D. Pa. 1993)) ("The standard to be applied to

4

motions to add counterclaims pursuant to Rule 13(f) is the same as the one applicable to motions to amend under Rule 15(a)."); Somportex Ltd. v. Philadelphia Chewing Gum Corp., 453 F. 2d 435, 439 (3d Cir. 1971), cert. denied, 405 U.S. 1017 (1972)) ("The decision to grant leave to file a third-party complaint is left with the sound discretion of the court."). For all amendments, they must be permitted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Overall, when considering a plaintiff's motion for voluntary dismissal of its claims or a defendant's motion to amend its answer, add counterclaims, and advance a third-party complaint, some courts grant the relief each party seeks. However, the Court must also be mindful of the relevant equities and seek to do justice. See Smith v. City of Plainfield, 2016 WL 4402812, at *2 (D.N.J. 2016) (citing United States ex rel. Haskins v. Omega Inst., 11 F. Supp. 2d 555, 570 (D.N.J. 1998)) (in the Rule 41(a)(2) context); Grayson, 293 F.3d at 108 (in the Rule 15 context).

The Court has considered the parties' positions and will exercise its discretionary authority to grant Sprint's motion to dismiss all of its claims against Defendants without prejudice

5

and deny Defendants' motion for leave to file an amended answer, add counterclaims, and file a third-party complaint. There are several reasons for this result.

First, even though the parties provide lengthy arguments regarding the legitimacy and viability of Sprint's claims and Defendants' defenses and counterclaims, the Court is not in a position at this juncture to determine the relative merits of the competing claims. Plaintiffs' claims and Defendants' proposed counterclaims are just that – unproven allegations couched in sharply contrasting positions. To the extent the Court has had occasion to rule on the merits it has determined that Sprint has pled viable claims and nothing to date has changed that as the law of the case.

Second, this case is not so far along procedurally or chronologically that dismissal of the case as a whole would work an injustice on Defendants. To the extent that parties have engaged in some discovery, which has not been extensive, that exchange of information is readily available to aid the parties and the subsequent tribunal in advancing the litigation. Moreover, the alleged facts in Defendants' proposed counterclaims suggest those claims are still well within applicable state law statutes of limitations.

Third, although it is clear this Court could, even if it

dismissed Plaintiffs' claims, exercise supplemental jurisdiction over Defendants' proposed counterclaims, it is equally clear that there is no separate subject matter jurisdiction for those claims. The Court's original basis for subject matter jurisdiction was Sprint's claims for violation of federal statutes, more specifically the United States Trademark Act, Title 15 of the United States Code and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, et seq. That foundation for the Court's jurisdiction falls away upon dismissal of Plaintiffs' claims.

Defendants' counterclaims and third-party complaint, in contrast, all arise under state law and the parties have made no attempt to establish diversity jurisdiction. In such circumstances, where the counterclaims become the core of the case, it is within the Court's discretion to defer the resolution of state claims to state court. See, e.g., Growth Horizons, Inc. v. Delaware Cnty., Pa., 983 F.2d 1277, 1284 (3d Cir. 1993) (citing 28 U.S.C. § 1367(c)(2)(3)) (explaining that a district court may, in its discretion, decline to exercise jurisdiction when the claim or counterclaim substantially predominates over the claims over which the district court had original jurisdiction, or where district court has dismissed all claims over which it has original jurisdiction).

Fourth, and perhaps more importantly in terms of equity, is the timing of the Defendants' cross-motion.  Defendants filed their respective answers in May 2016 and only Defendant Karamjeet Singh lodged a counterclaim.  It is simply unclear, if Plaintiffs' claims are as baseless as Defendants now claim, why counterclaims could not have been asserted in the original answer of the other Defendants and came about only when Plaintiffs sought to end the litigation.  As Plaintiffs point out, courts should encourage those asserting claims to dismiss them if continued litigation would be unjustified and they should be free to do so without the fear that the cost of such a decision would be merely switching sides in the caption.  This is not to say, of course, that Defendants should suffer any prejudice, only that under these circumstances the proper course for Defendants is to institute their own action against Sprint if they wish to pursue their claims against it.

Thus, the Court will dismiss Sprint's complaint against Defendants without prejudice, deny Defendants' cross-motion, and direct the Clerk to close the case.

An appropriate Order will be entered.


Date: February 1, 2018                s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.